UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN J. McCARTHY, | : | |
| | : | |
| Petitioner | : | |
| vs. | : | CIVIL NO. 1:CV-15-0996 |
| | : | |
| USP LEWISBURG WARDEN, | : | (Judge Caldwell) |
| | : | |
| Respondent | : | |

*M E M O R A N D U M*

I.   *Introduction*

John J. McCarthy, a federal inmate housed at the United States Penitentiary in Lewisburg, Pennsylvania, filed this habeas corpus petition under 28 U.S.C. § 2241. In his Petition, McCarthy asserts he is "factually and actually innocent of his crimes" because of two separate structural defects when (1) his counsel refused to represent him (1) at a competency hearing and (2) at a waiver-of-rights hearing. He also asserts he is actually innocent because ATF reneged on an agreement after they used him to gather information on firearms and murder but later committed perjury and denied the particulars of the agreement. (Doc. 1, Pet. ¶¶ 3 and 6). McCarthy seeks his release.

For the following reasons, the court will require McCarthy to file an amended petition to allege facts supporting his claims of actual innocence and the facts supporting his claim for habeas relief.

II.  *Standard of Review*

"A motion to vacate sentence pursuant to 28 U.S.C. § 2255 is the means to collaterally challenge a federal conviction or sentence," *Massey v. United States*, 581 F.3d 172, 174 (3d Cir. 2009), and the motion must be presented to the sentencing court.  *See* 28 U.S.C. § 2255(a) (providing that a defendant "may move the court which imposed the sentence").  The defendant may only invoke section 2241 when he shows under section 2255's "safety valve" provision in section 2255(e), that the remedy under section 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).  "A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle v. United States ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002).  "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Id.* at 539.  Rather, the "safety valve" under section 2255 is extremely narrow and has been held to apply only in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for conduct later deemed to be non-criminal by an intervening change in law.  *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (citing *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997)).  If a defendant improperly challenges his federal conviction or sentence under section 2241, the petition must be dismissed for lack

of jurisdiction.  *Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971); *Hill v. Williamson*, 223 F. App'x 179, 180 (3d Cir. 2007) (non precedential).

III.　*Discussion*

　　　　In the present matter, the facts upon which McCarthy bases his habeas corpus petition are unclear.  They are unclear as to the dates of his sentence, his conviction(s), when he learned of his "actual innocence" claims, and what facts those claims are based upon.  Furthermore, he does not demonstrate that he may use the savings clause and § 2241 to pursue his claims of actual innocence.  However, given McCarthy's *pro se* status, he will be permitted to file an amended petition more fully detailing his convictions and his actual innocence claims based on his attorney's conduct and Petitioner's alleged agreement with ATF.

　　　　We will issue an appropriate order.

　　　　　　　　　　　　　　　　　　　/s/ William W. Caldwell
　　　　　　　　　　　　　　　　　　　William W. Caldwell
　　　　　　　　　　　　　　　　　　　United States District Judge

Date: July 26, 2016